UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
INNOVATIVE SPORTS MARKETING,
INC.,

          Plaintiff,

          - against -

AQUARIUS FUENTE DE SODA, INC.,
d/b/a Aquarius Sports Bar and
FERNANDO MURIEL,

          Defendants.
-----------------------------------------------------------------X

ORDER

07-CV-2561 (ENV) (CLP)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ SEP 30 2009 ★
BROOKLYN OFFICE

VITALIANO, D.J.

      Plaintiff Innovative Sports Marketing, Inc. filed the above-captioned action against defendants Aquarius Fuente De Soda, Inc., doing business as Aquarius Sports Bar, and Fernando Muriel, individually and as the owner of Aquarius Sports Bar (collectively "defendants"), alleging violations of 47 U.S.C. §§ 553 and 605. Plaintiff claims that, on June 30, 2004, defendants illegally intercepted and exhibited a closed-circuit television broadcast of a pay-per-view soccer match between Argentina and Peru.

      After defendants failed to answer or otherwise respond to the Complaint, plaintiff moved for default judgment on November 12, 2007. The Clerk of the Court entered a default judgment against defendants on November 13, 2007. The action was subsequently referred to Magistrate Judge Cheryl L. Pollak, to conduct an inquest and prepare a Report and Recommendation on the amount of damages to be awarded.

      On July 15, 2009, Magistrate Judge Pollak issued a Report and Recommendation recommending that, pursuant to 47 U.S.C. §§ 605(e)(3)(C)(i)(II), 605(e)(3)(C)(ii), and

605(e)(3)(B)(iii), plaintiff be awarded $13,000.00 in statutory damages and $1470 in attorney's fees, for a total of $14,470.00. Specifically, Magistrate Judge Pollak recommended that plaintiff be awarded $3000.00 in statutory damages, $10,000.00 in enhanced damages, and $1470.00 in attorney's fees. On July 15, 2009, the Clerk of the Court served a copy of Judge Pollak's Report and Recommendation on defendants by mail. No objections to Magistrate Judge Pollak's Report and Recommendation have been timely filed.[1]

In reviewing a Report and Recommendation, the court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Moreover, in order to accept a magistrate judge's Report and Recommendation where no timely objection has been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F.Supp.2d 606, 609-10 (S.D.N.Y. 2001) (quoting Nelson v. Smith, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985)).

After careful review of all the evidence in the record below, the Court finds Magistrate Judge Pollak's Report and Recommendation as to the appropriate amount of damages in this action to be correct, comprehensive, well-reasoned, and free of any clear error. The Court, therefore, adopts the Report and Recommendation in its entirety as the opinion of the Court. Accordingly, for the reasons stated therein, the plaintiff is awarded $13,000.00 in statutory damages and $1470.00 in costs, for a total of $14,470.00.

---

[1] The Report and Recommendation that was mailed to defendant Aquarius Sports Bar was returned to the court as "undeliverable." Nevertheless, there is no evidence that defendant Fernando Muriel, who owns Aquarius Sports Bar, did not receive the Report and Recommendation. Thus, he could have objected to its findings both individually and as the owner of Aquarius Sports Bar, but, evidently, failed to do so. See Kingvision Pay-Per-View v. Penaloza, 05-CV-1928, 2006 U.S. Dist. LEXIS 18350, at *2-*3 (E.D.N.Y. Apr. 6, 2006) (adopting magistrate judge's report and recommendation in relevant part where report and recommendation was returned to the court as undeliverable with respect to defendant business but not with respect to defendant principal, and where no party filed objections); see also Report and Recommendation at 18 ("Based on the undisputed allegation in the Complaint that Muriel owned Aquarius Sports Bar, the Court finds that [Muriel] had the requisite control and financial interest to be held vicariously liable for the violation.").

The Clerk is directed to enter Judgment in accordance with this opinion and to close this case.

SO ORDERED.

DATED: Brooklyn, New York
September 29, 2009

                                                  s/Eric N. Vitaliano
                                                ERIC N. VITALIANO
                                                United States District Judge